<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                    )
WILLIAM B. ROVINSKY                                 )
                                                    )
                          Plaintiff,                )
                                                    )
v.                                                  )        Civil Action No. 09-0324 (GEB)
                                                    )
                                                    )        **MEMORANDUM OPINION**
CHOCTAW MANUFACTURING AND                           )
DEVELOPMENT CORPORATION;                            )
JOSEPH MORRIS; UNITED STATES OF                     )
AMERICA; DEPARTMENT OF THE                          )
ARMY; and GORDON MCCORMICK                          )
                                                    )
                                                    )
                          Defendants.               )
_____   )

<u>**BROWN, Chief Judge**</u>

**I.     BACKGROUND**

        This case comes before the Court upon the motion of the United States, the Department

of the Army, and Gordon McCormick (collectively "the Federal Defendants") to dismiss the

complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can

be granted (Dkt. No. 12) and the motion of Choctaw Manufacturing and Development

Corporation and Joseph Morris (the "Choctaw Defendants") to dismiss the complaint for lack of

subject matter jurisdiction and failure to state a claim upon which relief may be granted.  (Dkt.

No. 16).  The Court, having considered the parties' submissions and decided the matter without

oral argument pursuant to Federal Rule of Civil Procedure 78, will grant the Federal Defendants'

motion and deny the Choctaw Defendants' motion.

    **A.    Facts**

    This matter arises from Plaintiff William Rovinsky's ("Plaintiff" or "Rovinsky")

employment by defendant Choctaw Manufacturing and Development Corporation ("Choctaw")

and the termination of said employment.  (Compl. at ¶¶ 15, 20).  Choctaw is a corporation

organized by the Choctaw Nation of Oklahoma, a federally recognized Indian tribe with whom

the United States government deals on a government-to-government basis.  (Benefield Aff. at ¶¶

4, 5).  Choctaw holds a contract with defendant Department of the Army ("the Army") to

provide services at the Fabrication, Fielding and Integration Facility ("FIFF")[1] at Fort Monmouth,

New Jersey.  (Compl. at ¶¶ 17, 20).

    Plaintiff was terminated from his employment with Choctaw on April 16, 2007 for

allegedly breaching a confidentiality agreement.  (Compl. ¶ 21).  Plaintiff alleges that defendants

Morris and McCormick, acting together, wrongfully terminated his employment.  (*Id.*)  Plaintiff

also states that he "believes that defendants McCormick and Morris, working together, filed

documents with the United States of America and/or The Department of the Army which indicate

(incorrectly) that plaintiff was fired from a job requiring maintenance of a security clearance for

cause . . ." (Pl.'s Br. in Opp. to Fed. Mot. at 3).  Plaintiff never alleges that his security clearance

status has been altered since his termination, and admits that he continues to maintain a security

clearance necessary to his continued employment on governmental projects. (Compl. ¶ 32).

    **B.    Procedural History**

_____

    [1] The Court notes that "FIFF" is not the proper acronym for "Fabrication, Fielding and
Integration Facility."  However, as it is referred to as "FIFF" in all motions and pleadings, the
Court will adopt this nomenclature.

Plaintiff filed the five count Complaint on January 23, 2009, seeking declaratory relief and monetary damages for alleged losses associated with termination of his employment.  In counts one and two, plaintiff demands an order compelling defendants[2] to reverse any decision terminating plaintiff and to reverse any finding of termination for cause, and to compel the defendants to continue his security clearance status.  In counts 3, 4, and 5, plaintiff requests money damages against Choctaw and Joseph Morris for wrongful termination, slander and libel. The Federal Defendants filed their motion to dismiss on May 11, 2009, and the Choctaw Defendants filed their motion to dismiss on June 5, 2009.  All matters were fully briefed on June 29, 2009.

II.     DISCUSSION

        A.      Standard of Review

                1.      *12(b)(1): Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12 provides, in relevant part, that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (1) lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1).

In *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977), the Third Circuit for the United States Court of Appeals divided Rule 12(b)(1) motions into two categories: facial and factual. *Id.* at 891. A facial attack on jurisdiction is directed to the sufficiency of the pleading as a basis for subject matter jurisdiction. "In reviewing a facial attack,

---

        [2] It is unclear whether plaintiff is requesting that the Federal defendants reverse Choctaw's employment decision, or if the demand only refers to Choctaw.

3

the court must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the Plaintiff." *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack on jurisdiction under 12(b)(1), however, the movant calls into question the essential facts underlying a claim of subject matter jurisdiction. "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] its very power to hear the case[,] . . . the trial court is free to weight the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen* 549 F.2d at 891; *see also Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Under this standard, no presumptive truthfulness attaches to plaintiff's allegations of jurisdictional facts. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (citing *Mortensen*, 549 F.2d at 891). Therefore, in a 12(b)(1) factual challenge, a court may consult material outside the pleadings, and the burden of proving jurisdiction lies with the plaintiff. *Gould Electronics*, 220 F.3d at 178.  "In general, when a Rule 12(b)(1) motion is supported by a sworn statement of facts, the court should treat the Defendant's challenge as a factual attack on jurisdiction." *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines*, 673 F.2d 700, 711 (3d Cir. 1982)).  Because both motions are factual attacks on jurisdiction, the Court is free to consult evidence outside the pleadings.

2.    *12(b)(6): Failure to State a Claim*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair

notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive

a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief

sought. *Id.* at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be

dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief"). In other words, it must

contain sufficient factual allegations to raise a right to relief above the speculative level. *Id.* at

1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec.*

*Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may

consider only the complaint, exhibits attached to the complaint, matters of public record, and

undisputedly authentic documents if the complainant's claims are based upon those documents.

*See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993),

*cert. denied* 510 U.S. 1042 (U.S. 1994) (No. 93-661).

### B.     Application

#### 1.     Federal Defendants' Motion

The Federal Defendants move to dismiss the complaint on three grounds: (1) that plaintiff

was never employed by the Federal Defendants, and thus they have no power to reinstate his

employment and therefore no case or controversy exists; (2) that the Court lacks jurisdiction

under the Administrative Procedure Act and the Tucker Act, which plaintiff pleads as the basis of

jurisdiction for Counts 1 and 2, because there has been no "final agency action;" and (3) that

plaintiff's request that the Federal Defendants continue his security clearance status should be dismissed because security clearance decisions are reserved to the executive branch, or, in the alternative, because the matter is not ripe.

a.      *Case or Controversy*

The Federal Defendants argue that because plaintiff was never their employee they have no power to reinstate his employment. (Fed. Br. at 7).  Plaintiff argues that he does not seek reinstatement of his employment, but rather he "seeks an admission from Federal Defendants that Federal Defendants made a record alleging that plaintiff was terminated from work on a government contract 'for cause.'" (Pl.'s Br. at 6).  Plaintiff argues that because he has not been afforded an opportunity to obtain any discovery regarding the Federal Defendants' engagement in his alleged wrongful termination, that the instant motion to dismiss should be denied.  (*Id.* at 7).  Plaintiff further argues that because he seeks damages against McCormick for slander and seeks the removal of any and all adverse information placed by Federal Defendants in plaintiff's personnel file as a result of the termination, an actual controversy exists.

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490. 498 (1975) (citation omitted). "Both limits are 'founded in concern about the proper - and properly limited - role of the courts in a democratic society.' *Law Offices of Curtis V. Trinko, LLP v. Bell Atl. Corp.*, 305 F.3d 89, 97 (2d Cir. 2002) *rev'd on other grounds*, *Verizon Communications, Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398 (2004) (citing *Warth*, 422 U.S. at 498 (further citations omitted)).

6

Article III of the Constitution provided the constitutional aspect of the standing doctrine and confines federal courts to adjudicating 'cases' and 'controversies.' *Trinko*, 305 F.3d at 97. To meet the constitutional test for standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984) (further citation omitted)).

Though the Federal Defendants are the moving party, the burden of proving jurisdiction lies with the plaintiff. *Gould Electronics*, 220 F.3d at 178. Plaintiff has alleged that he was employed by defendant Choctaw and that he was working in conjunction with the Federal Defendants pursuant to a contract between Choctaw and the United States of America and/or Department of the Army. (Compl. at ¶¶ 15-20). Nowhere in plaintiff's complaint does he seek an admission from the Federal Defendants, damages from Gordon McCormick for slander or the removal of any adverse information relating to an alleged personnel file. Because plaintiff has conceded that he is not seeking for the Federal Defendants to reinstate him or to reverse the decision to terminate him, as stated in the complaint, he is now seeking no relief from the Federal Defendants. (Pl.'s Br. at 6). Because no case or controversy exists between the plaintiff and the Federal Defendants, the motion to dismiss for lack of jurisdiction must be granted.

b.    *APA/Tucker Act*

The Federal Defendants also move to dismiss the complaint for lack of subject matter jurisdiction because Counts 1 and 2 are supported by the Administrative Procedure Act ("APA") and the Tucker Act. The APA provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5

U.S.C. § 704.  In order to establish jurisdiction under the APA, the plaintiff must show that he exhausted his administrative remedies relating to the alleged government action before obtaining access to this Court.  Plaintiff has not filed an administrative claim with the Federal Defendants, and has not alleged any administrative action which this Court should review.  Therefore, plaintiff's claims under the APA are jurisdictionally deficient.

The Tucker Act waives sovereign immunity and provides jurisdiction in the district courts to render judgment upon "claim[s] against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States. . . ." 28 U.S.C. § 1346(a)(2).  Plaintiff has not alleged a cause of action based upon the Constitution, an Act of Congress, an executive regulation, or a contract.  Plaintiff alleges only that he was an employee of a government contractor and not that he had any type of contract with the government.  Further, plaintiff concedes that "it may be premature to raise claims arising under the Tucker Act at this time." (Pl.'s Br. at 10).

c.    *Security Clearance Decisions*

Plaintiff requests that this Court grant declaratory relief compelling Federal Defendants to continue plaintiff's security clearance status.  (Compl. at ¶¶ 30-34).  The Federal Defendants move to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted, because the merits of security clearance decisions are reserved to the Executive Branch of the United States of America.  (Fed. Br. at 14).  Because the Court lacks subject matter jurisdiction to hear this case, it declines to rule on the 12(b)(6) motion

2.      **Choctaw's Motion**

Choctaw moves to dismiss the complaint on two grounds: (1) that the Court lacks

jurisdiction over the Choctaw Defendants because they are immune from suit, and (2) that the

complaint's allegations are speculative and conclusory.

a.      *Sovereign Immunity*

Choctaw states that because it is a subordinate economic entity of the Choctaw Nation of

Oklahoma, it is immune from suit as a recognized Indian tribe.  (Ch.'s Br. at 6).  Plaintiff argues

that this motion must be dismissed as premature, beacase there has been no discovery from any

Defendants as to the underlying information on sovereign immunity. (Pl.'s Br. at 5).  Plaintiff

also argues that Choctaw's motion fails to establish that they are absolutely immune from suit,

and cites Choctaw's Certificate of Incorporation for the proposition that "[Choctaw] shall have

the power to sue and be sued in **any** court." (*Id.* at 5 (emphasis in original)).

Though Choctaw has cited some non-binding authority that, absent an express waiver, a

"sue and be sued" clause does not constitute a waiver of sovereign immunity, the Court

concludes that it would be inappropriate to rule on this complicated issue at this early stage of the

litigation.  The determination of sovereign immunity will involve facts including the corporate

structure of Choctaw, its status as a tribal business entity, and whether the extension of immunity

to this entity furthers federal policies intended to promote tribal autonomy.  The issue of tribal

sovereign immunity for a subordinate economic organization also appears to be an issue of first

impression in this jurisdiction.  Because there are extensive factual questions regarding the status

of Choctaw's sovereign immunity, which goes to the heart of this Court's jurisdiction to hear this

case, Choctaw's motion to dismiss for lack of jurisdiction is denied without prejudice.  Should

the parties, after the opportunity for discovery, deem it necessary to re-file the instant motion to

dismiss for lack of jurisdiction, the Court will entertain these arguments at the appropriate time.

            b.       *12(b)(6) Motion to Dismiss*

Defendant Choctaw also moves to dismiss the complaint for failure to state a claim on

which relief may be granted.  Because it is unclear whether the Court has jurisdiction over

defendant Choctaw, the Court declines to rule on this point.

**III.**     **CONCLUSION**

For the reasons stated herein, the Federal Defendants' motion to dismiss (Dkt. No. 12) is

GRANTED, and the Choctaw Defendants' motion to dismiss (Dkt. No. 16) is DENIED.  An

appropriate form order is filed herewith.

Dated: November 10, 2009

                                           ___ s/ Garrett E. Brown, Jr._____
                                           GARRETT E. BROWN, JR., U.S.D.J.